UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-62221-ALTONAGA/VALLE

STEVEN SCHMIDT, *et al.*,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER SETTING DISCOVERY PROCEDURES
## ON CASES REFERRED BY DISTRICT JUDGE ALTONAGA

United States District Judge Cecilia M. Altonaga has referred discovery matters to the undersigned. *See* (ECF No. 25 at 3). Accordingly, the Discovery Procedures below shall apply in this case.

### Meet and Confer

When a discovery dispute arises, counsel must confer (in person, by videoconference, or by telephone) and engage in a genuine effort to resolve the dispute(s) before seeking Court intervention. If, however, the parties are unable to resolve the discovery dispute without Court intervention, the parties must follow the procedures outlined below to bring the issue before Magistrate Judge Valle. Discovery procedures will be handled on an expedited schedule with a shortened page limit.

### Discovery Memorandum/Response

The moving party must file a **Discovery Memorandum (NOT a Motion) within fifteen (15) days of the occurrence** of the grounds for relief.[1] The Memorandum shall not exceed 10 pages (double-spaced) and shall succinctly state the grounds for the dispute and the discovery issue(s) to be heard. The Discovery Memorandum shall include a certification that the parties have complied with Southern District of Florida Local Rule 7.1(a)(3) and provide all information required by the Rule. Lastly, the moving party shall attach to its Discovery Memorandum the disputed requests for production, requests for admission, or interrogatories and any written responses thereto.

The opposing party shall file a Responsive Memorandum, not to exceed 10 pages (double-spaced), no later than **five business days** after the original Discovery Memorandum is filed. Unless ordered by the Court, no reply memorandum is permitted.

---

[1] This period is set by the District Judge and is shorter than permitted by Local Rule 26.1(g)(2)(A) (allowing 28 days from the time of occurrence to file a discovery motion).

During conferral and prior to filing a Discovery/Responsive Memorandum, the parties must review and consider the discovery principles outlined in the Discovery Objections Section, below. Lastly, neither party shall attach correspondence to its Discovery/Responsive Memorandum.

Request for Discovery Hearing

After the Responsive Memorandum has been filed, the moving party may request a discovery hearing by emailing the undersigned's Chambers at Valle@flsd.uscourts.gov with the subject line: **"Request for Discovery Hearing on [Case Number]."** The email shall: (i) certify that the moving party has conferred with opposing counsel regarding the dispute and confirmed opposing counsel's availability for a hearing; (ii) provide at least three dates within seven business days from the date of the email to Chambers on which all parties are available; and (iii) indicate whether the parties request more than 15 minutes of argument per side.

All communications with Chambers regarding discovery matters must be by email, and all counsel of record must be copied on the email. No argument or background about the dispute is permitted by email. If the Court determines that a hearing is necessary, the Court will schedule a discovery hearing and require the filing of a Joint Status Report prior to the hearing.

The parties shall notify Chambers by email as soon as practicable if they resolve some or all of the discovery issues in dispute.

Attorneys' Fees and Costs

The Court enforces Federal Rule of Civil Procedure 37. If a party is seeking attorneys' fees and costs in connection with a discovery dispute that is set for hearing, the party should be prepared to argue the basis for entitlement and the amount of attorneys' fees and costs, at the hearing. *See* Fed. R. Civ. P. 37.

Discovery Objections

A. *Boilerplate Objections*:  The Court does not recognize conclusory, boilerplate, or formulaic objections followed by an answer to the request. *See Alhassid v. Bank of Am., N.A.*, No. 14-CV-20484, 2015 WL 1120273, at *2 (S.D. Fla. Mar. 12, 2015) (citing *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011)). Such objections are routinely stricken.

B. *Vague, Overly Broad, and Unduly Burdensome*:  Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, without more, meaningless, and shall be disregarded by the Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4). If a party believes that the request is vague, the party shall attempt to obtain clarification prior to objection on this ground. Sworn testimony or evidence may be necessary to show that a particular request is in fact burdensome.

C. *Objections Based on Scope*:  If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed. For example, if discovery is sought nationwide for a ten-year

period and the responding party objects on the grounds that only a five-year period limited to activities in Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

D. *Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence*:  An objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence.

E. *Formulaic Objections Followed by an Answer*:  Parties should avoid reciting a formulaic objection followed by an answer to the request.  It has become common practice for a party to object and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection.  Such an objection and answer preserve nothing and constitute only a waste of effort and the resources of both the parties and the Court.  Further, such practice leaves the requesting party uncertain as to whether the question has been fully answered, or only a portion of it has been answered.  Federal Rule of Civil Procedure 34(b)(2)(c) specifically requires an objection to state whether any responsive materials are being withheld.  As such, counsel shall include in the answer a clear statement that all responsive documents/information identified have in fact been produced/provided, or otherwise describe the category of documents/information that have been withheld based on the objection.

F. *Objections Based on Privilege*:  Generalized objections asserting attorney-client privilege or work product protection do not comply with the Local Rules.  *See* S.D. Fla. L.R. 26.1(e)(2)(B).  The party with the burden of persuasion on a privilege claim has the obligation to present to the Court, no later than at the time of the hearing, sworn evidence, if necessary, to satisfy that burden.  The Court may deem failure to present such evidence by the scheduled hearing as a waiver of the privilege absent a showing of good cause.

G. *Privilege Log*:  If a document is withheld based on a privilege or work-product protection, the withholding party must produce a privilege log.  The privilege log must identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed.  *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-CV-20756, 2014 WL 4545918, at *5 (S.D. Fla. Sept. 12, 2014) (citing *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5057844, at *9 (S.D. Fla. Oct. 18, 2012)).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 11, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Cecilia M. Altonaga
     All counsel of record